MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 181*—*when court's refusal to mark propositions of law reversible error.* Arbitrary refusal of a judge of the Municipal Court to mark proper propositions of law either "held" or "refused" when presented in time is reversible error.

2. TRIAL, § 297*—*propositions of law.* A proposition of law announcing that proof of the violation of an ordinance resulting in an injury establishes a *prima facie* case of negligence on the part of the one violating it, *held* to announce a correct rule of law applicable to the case.

---

## Illinois Malleable Iron Company, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 18,314.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed December 31, 1913.

### Statement of the Case.

Action by Illinois Malleable Iron Company, a corporation, against Chicago City Railway Company, a corporation, to recover for damages to a wagon owned by plaintiff and struck by one of defendant's street cars, when plaintiff's teamster attempted to drive the wagon across the tracks in front of the car at other

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

than a street intersection. From a judgment in favor of defendant, plaintiff brings error.

ALDEN, LATHAM & YOUNG, for plaintiff in error; T. A. SHEEHAN, of counsel.

CLINTON A. STAFFORD and A. R. PETERSON, for defendant in error; LEONARD A. BUSBY, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 90*—*when contributory negligence bars recovery.* It is not the law that contributory negligence is no defense where the defendant by the exercise of ordinary care could have avoided the injury. The settled law in this State is that where the negligence of the plaintiff contributes to the injury he cannot recover unless the act of the defendant resulting in the injury is wilful.

2. APPEAL AND ERROR, § 1410*—*when findings of jury or trial court will not be set aside.* It is well settled in this State that the finding of a jury or a trial court will be set aside by the Appellate Court only when it is clearly and manifestly against the weight of the evidence. The fact that upon close consideration the weight or preponderance of the evidence would seem to be contrary to the verdict is not sufficient to warrant a reversal of the judgment.

3. STREET RAILROADS, § 97*—*when street car company not liable for collision with wagon crossing track in front of car.* In an action against a street railway company to recover damages to a wagon by being struck by a street car when the driver of the wagon attempted to cross the track in front of an approaching car, at other than a street intersection, *held* that the evidence showed that the defendant was not negligent and that the driver was guilty of contributory negligence, it appearing that the driver with knowledge of the approaching car attempted to cross the track about sixty feet distant from the car, which was running seven or eight miles an hour, and that the motorman was unable to stop the car before the collision.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.